**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-3605-___-___

CONSTANCE STAFFORD

      Plaintiff,

v.

BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,

      Defendant.

---

**NOTICE OF REMOVAL**

---

      Please take notice that Defendant, Berkshire Hathaway Specialty Insurance Company ("BHSIC"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby files its Notice of Removal of this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado. The grounds for this removal are that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.

**<u>BACKGROUND</u>**

      1.      Plaintiff Constance Stafford ("Plaintiff") initiated this lawsuit against Defendant in the District Court for Boulder County, State of Colorado, by filing a Complaint and Jury Demand on April 10, 2026. Plaintiff's Complaint and Jury Demand is attached hereto as **Exhibit A**.

      2.      Plaintiff did not serve the Complaint and Jury Demand filed on April 10, 2026.

3. Plaintiff filed a First Amended Complaint and Jury Demand on July 7, 2026. *See,* **Exhibit B**.

4. Plaintiff served the First Amended Complaint and Jury Demand on Defendant on July 8, 2026. *See,* **Exhibit C**.

5. A copy of the Civil Case Cover Sheet served with the Complaint is attached as **Exhibit D.**

6. The remainder of the pleadings and orders filed in Case No. 2026CV30304 are attached as follows:

    a. The Summons is attached as **Exhibit E;**

    b. Plaintiff's Motion for Additional Time to Complete Service of Process on Defendant Berkshire Hathaway Specialty Insurance Company is attached as **Exhibit F;**

    c. Order Granting Additional Time to Complete Service of Process on Defendant Berkshire Hathaway Specialty Insurance Company is attached as **Exhibit G;**

7. Plaintiff alleges that she is entitled to underinsured motorist ("UIM") benefits under a motor vehicle insurance policy issued by BHSIC to Plaintiff's employer, the Center for People With Disabilities, which provides UIM coverage with policy limits of $1,000,000. *See* **Exhibit B** at ¶¶ 5-14. In addition to seeking UIM benefits, Plaintiff requests compensation for her claim for bad faith breach of insurance contract and for damages pursuant to C.R.S. §10-3-1116. Plaintiff indicates that she seeks damages of over $100,000.00 against BHSIC based on these allegations. *See* **Exhibit D**.

## TIMELINESS OF REMOVAL

8. The statute governing the limitations period for removal, 28 U.S.C. § 1446(b), provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b).  In *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, the United States Supreme Court clarified the statutory meaning of "through service or otherwise" and held that formal service is required before the 30-day period for removal begins to run: "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 119 S. Ct. 1322, (1999).

9. Here, Plaintiff served her First Amended Complaint on July 8, 2026. **Exhibit B.** Therefore, pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, BHSIC is required to file its notice of removal on or before August 7, 2026.

10. For the foregoing reasons, this Notice of Removal is proper and timely under 28 U.S.C. §§ 1332, 1441 and 1446.

## DIVERSITY OF CITIZENSHIP

11. Plaintiff is an individual who is a resident of Larimer County, Colorado, according to her statement in the Complaint and First Amended Complaint.

12. For purposes of diversity of citizenship requirements, "a corporation is deemed a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BHSIC is an

3

insurance company domiciled in the State of Nebraska, with its principal place of business in Massachusetts, at 100 Federal Street, 7th Floor, Boston, MA 02110.

13.     As Plaintiff is a citizen of Colorado and BHSIC is a citizen of Nebraska and Massachusetts, there is a complete diversity of citizenship for purposes of removal. 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

14.     28 U.S.C. § 1446(c) provides, in relevant part:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –

(A) The notice of removal may assert the amount in controversy if the initial pleading seeks –

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

15.     28 U.S.C. § 1446(3) further provides that a case may be removed and the amount in controversy may be satisfied by receipt of an "other paper" from which it may be determined that the amount in controversy has been met. 28 U.S.C. § 1446(3).

16.     The United States Court of Appeals for the Tenth Circuit has held that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a State Civil Case Cover Sheet provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1273 (10th Cir. 2016).

17.     Here, Plaintiff's Complaint does not state an amount of damages requested but requests compensatory damages, including UIM benefits payable pursuant to the insurance

contract with policy limits of $1,000,000, and damages in an amount to be proved at trial for all damages allowed pursuant to C.R.S. § 10-3-1116, including reasonable attorneys' fees and costs, for pre- and post-judgment interest. *See* **Exhibit B** at p.2 and p.5 ("WHEREFORE" clause). A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. *Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at \*4 (D. Colo. May 20, 2009).

18.     However, the Civil Case Cover Sheet filed in the State Court Action states that Plaintiff seeks a monetary judgment over $100,000. *See* **Exhibit D** at p. 1. Therefore, the amount-in-controversy requirement has been met.

<u>**JURISDICTION IS PROPER IN THIS COURT**</u>

19.     The Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because the dispute arises between citizens of different states and, based on the cause and nature of the injuries alleged, the amount in controversy exceeds the sum or value of $100,000, exclusive of interest and costs.

20.     The U.S. District Court for Colorado embraces the geographic region where the Plaintiff's Complaint was filed.

21.     Pursuant to Local Rule 81.1, Defendant attaches a current docket sheet for the state court proceeding as **Exhibit H**. There are no pending motions or upcoming hearing dates set in the state action that is being removed.

22.     As required by 28 U.S.C. § 1446, a copy of all process, pleadings, and orders served upon Society are attached to this Notice of Removal as follows:

- Complaint and Jury Demand (**Exhibit A**)
- First Amended Complaint and Jury Demand (**Exhibit B**)

5

- Declaration of Service (**Exhibit C**)
- Civil Case Cover Sheet (**Exhibit D**)
- Summons (**Exhibit E**)
- Plaintiff's Motion for Additional Time to Complete Service of Process on Defendant Berkshire Hathaway Specialty Insurance Company (**Exhibit F**)
- Order Granting Additional Time to Complete Service of Process on Defendant Berkshire Hathaway Specialty Insurance Company (**Exhibit G**)
- Register of Actions from State Court **(Exhibit H)**
- State Court Notice of Filing Notice of Removal (**Exhibit I**)

23.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Boulder County District Court.

WHEREFORE, Defendant Berkshire Hathaway Specialty Insurance Company hereby removes the above captioned case from the District Court for Boulder County, State of Colorado, to the U.S. District Court for the District of Colorado as provided by law and will proceed with this action as if it had originally been commenced in this Court.

Respectfully submitted this 7th day of August, 2026.

Hall & Evans, LLC


 *s/ Stephanie A. Montague*
Stephanie A. Montague, Esq.
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
montagues@hallevans.com
Attorneys for Defendant

6

## CERTIFICATE OF SERVICE  (CM/ECF)

I hereby certify that on this 7th day of August, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and will send notification of such filing to the following e-mail addresses:

Jason D. Levy: #48571
Brian M. Bradford #35954
COOK, BRADFORD & LEVY, LLC
2590 Trailridge Drive East, #202
Lafayette, CO 80026
jason@colegalteam.com
brian@colegalteam.com

David M. Roth #44800
OGBORN MIHM, LLP
1700 Lincoln Street, Suite 2700
Denver, CO 80203a
david.roth@omtrial.com

*Attorneys for Plaintiff*

*s/ Susan E. Small*

7